# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

MILAGROS MARTINEZ-PARIS and L.R., a minor by and through his Guardian Ad Litem MILAGROS MARTINEZ-PARIS,

Plaintiff,

vs.

CLARK COUNTY SCHOOL DISTRICT, KASEY GLASS, MARK CONNORS, ALLISON POKORNIK and DOES 1-50,

Defendants.

Case No. 2:19-cv-00403-JAD-VCF

**ORDER AND AMENDED SCHEDULING ORDER**

MOTION FOR TO STAY [ECF NO. 60], MOTION FOR A PROTECTIVE ORDER [ECF NO. 61]

Before the Court are defendant Kasey Glass's motions to stay case or in the alternative for a protective order. (ECF Nos. 60, 61). The Court denies the motion to stay and grants the motion for a protective order.

**I.  Background**

On June 24, 2019, this Court entered a scheduling order pursuant to the parties' stipulation. (ECF No. 37). Pursuant to the order, fact discovery will close on November 27, 2019. (*Id.* at 2). The parties requested special scheduling review and requested an additional 60 days to complete expert discovery, and the Court ordered that expert discovery would close on Monday, January 27, 2020. (*Id.*) Pursuant to the current scheduling order, the deadline for dispositive motions is February 26, 2020. (*Id.* at 3). On August 21, 2019, plaintiffs filed a motion for partial summary judgment alleging that Glass's invocation of the Fifth Amendment precludes her from offering testimony in opposition to summary judgment. (ECF No. 48). On August 26, 2019, Glass filed a motion requesting a substitution of counsel.

1

(ECF No. 52). On August 27, 2019, this Court ordered the substitution of counsel. (ECF No. 53). On September 10, 2019, Glass filed the instant motion to stay the case or in the alternative for a protective order. (ECF Nos. 60, 61). Glass argues that the statute-of-limitations for any felony stemming from the January 11, 2017 incident at issue will run on January 12, 2020. (ECF No. 60). Glass argues that she is unable to respond to the pending motion for partial summary judgment without the possibility of incriminating herself. (*Id.* at 2). The Court stayed briefing regarding the pending motion for summary judgment pending further order of the Court. (ECF No. 63). Plaintiffs argue in opposition to Glass's motions that, "Glass' interests in her Fifth Amendment rights are minimal and outweighed by the prejudice to the Plaintiffs and the interest in speedy resolution of this matter." (ECF No. 66 at 7). The Court disagrees with Plaintiff's argument that Glass's constitutional rights are minimal.

**II.     Discussion**

There is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *McMillen v. J.C. Penney Co.*, 205 F.R.D. 557, 557 (D. Nev. 2002); citing *to Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[I]t is within the power of the District Court, and in accord with common practice, to stay [a] civil action until [a] criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 386, 127 S. Ct. 1091, 1094 (2007). The Fifth Amendment of the Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself." The Fifth Amendment, "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Id.,* citing to *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924) ("[The Fifth Amendment privilege] applies alike to civil and criminal proceedings, wherever the answer might tend to subject to criminal responsibility him who gives it.").

Justice Frankfurter noted that, "[t]he Founders of the Nation…expressed it in our fundamental law, that it were better for an occasional crime to go unpunished than that the prosecution should be free to build up a criminal case, in whole or in part, with the assistance of enforced disclosures by the accused." *Ullmann v. United States*, 350 U.S. 422, 426-27, 76 S. Ct. 497, 500 (1956).

"[A] court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem [] to require such action.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Securities & Exchange Comm'n v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980)). In ruling on a motion to stay discovery pending the outcome of parallel criminal proceedings, the Court should consider the following factors: (1) the extent to which the defendant's fifth amendment rights are implicated; (2) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (3) the burden which any particular aspect of the proceedings may impose on defendants; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation. *Molinaro,* 889 F.2d at 902-903 (quoting *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.,* 87 F.R.D. 53, 56 (E.D. Pa. 1980)).

The parties do not dispute that Glass could face felony charges based on the underlying incident. There is no question that the underlying incident was a serious matter, and any criminal charges stemming from the incident would be equally serious. The Fifth Amendment privilege protects witnesses and litigants alike from enforced disclosures that "might incriminate" them "in future criminal proceedings." *McCarthy,* 266 U.S. at 40. The Court finds that the facts in this case makes distinguishing between confirmed and potential criminal proceedings impractical because Glass's Fifth Amendment rights are inextricably implicated in this case. Any criminal charges would stem from the exact same

facts that plaintiffs would seek to obtain in discovery from Glass. The Court acknowledges that staying discovery against Glass prejudices plaintiff's ability to proceed expeditiously in this case, but further notes that Glass's motion is far from, "an eleventh-hour gambit" given that discovery is ongoing. (ECF No. 66). The Court declines to enter a full stay of all discovery. The Court finds that the prejudice of 1) a stay as to Glass only, and 2) a short delay of discovery does not outweigh Glass's interests in preserving her constitutional rights. The interests of the public weigh heavily in protecting the constitutional rights of the accused.

### III. Amended Scheduling Order

The Court has broad discretion in supervising the pretrial phase of litigation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court grants Glass's request to extend the remaining discovery deadlines in the scheduling order (ECF No. 37) by 60-days as described below:

    a. Fact discovery completion: Monday, January 27, 2020.

    b. Expert discovery completion: Friday, March 27, 2020.

    c. Expert disclosures: Monday, January 13, 2020.

    d. Rebuttal expert disclosures: Wednesday, February 12, 2020.

    e. Interim Status Report: Wednesday, November 27, 2019.

    f. Dispositive motions: Monday, April 27, 2020.

    g. Joint pretrial order: Wednesday, May 27, 2020. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

The Court also Orders a status hearing, as described below:

    h. Status Hearing: Wednesday, January 15, 2020, at 10:00 am.

At the status hearing, attorneys for Glass must be prepared to answer whether criminal charges have been filed against Glass and whether Glass intends to supplement discovery. Attorneys for the plaintiffs must be prepared to tell the Court whether they intend to take discovery from Glass, what type of discovery, if any, and how long they will need to take additional discovery, if any. The Court will also address the current stay of briefing of the motion for summary judgment, and whether it will be lifted, at the status hearing.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Kasey Glass's motion to stay the case (ECF No. 60) is DENIED;

IT IS FURTHER ORDERED that Kasey Glass's Motion for a Protective Order (ECF No. 61) is GRANTED;

IT IS FURTHER ORDERED that the Court grants a 60-day extension of time for discovery and dispositive motions deadlines as described above;

IT IS FURTHER ORDERED that the Court will hold a status hearing on Wednesday, January 15, 2020, at 10:00 am.

IT IS SO ORDERED.

DATED this 4th day of October 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE