# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Tammara Tims and H.H., a minor by and through his Guardian Ad Litem, Geneva Atteberry,<br><br>Plaintiffs<br>v.<br><br>Clark County School District, et al.,<br><br>Defendants | Case No.: 2:18-cv-00021-JAD-VCF<br><br>**Order Denying Motion to Consolidate Cases**<br><br>[ECF No. 144] |
| Milagros Martinez-Paris and L.R., a minor by and through his Guardian Ad Litem, Milagros Martinez-Paris,<br><br>Plaintiffs<br>v.<br><br>Clark County School District, et al.,<br><br>Defendants | Case No.: 2:19-cv-00403-JAD-VCF<br><br>[ECF No. 21] |

Two special-needs students, H.H. and L.R., allege that they were mistreated and abused in the classroom of Kasey Glass at Kirk Adams Elementary School. Both filed suit through guardians ad litem, and they now move to consolidate their cases for all purposes.[1] They contend that the cases present near-identical issues and involve mostly the same players and that consolidation will serve judicial efficiency. The defendants oppose the motion, arguing that the procedural postures of these cases and their material differences render any benefit achieved by consolidation nugatory.

---

[1] ECF No. 144 in Case No. 2:18-cv-00021-JAD-VCF; ECF No. 21 in Case No. 2:19-cv-00403-JAD-VCF.

Federal Rule of Civil Procedure 42(a) governs the consolidation of separate actions. When two cases "involve a common question of law or fact," district courts may join them for any or all matters at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or delay. The threshold question is whether the cases involve common questions of law or fact. If common questions exist, the court must balance the savings of time and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice that may result.[2]

Although these cases involve many common questions of law and fact, I find that the disparate procedural postures of these matters tips the scale against consolidation at this time. Due to the fourteen-month age difference between these cases,[3] they are in markedly different stages of litigation. In H.H.'s case, discovery has closed and there is just one other motion pending—a fully briefed motion for partial summary judgment.[4] Motions to dismiss were long ago resolved, and although H.H.'s mother had pled her own claims, those have been dismissed.[5] But in L.R.'s case, discovery battles persist, the cutoff is still months away, the motions to dismiss have not yet been decided, and L.R.'s mother's claims are still pending.[6] I find that consolidation of these cases while they are in such manifestly different postures will net little economic benefit to the court or the parties. And that small gain would be substantially outweighed by the additional efforts that the court would have to expend to coordinate these proceedings.

---

[2] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

[3] H.H.'s case was filed in January 2018, while L.R.'s didn't commence until March 2019.

[4] ECF No. 206 in Case No. 2:18-cv-00021-JAD-VCF.

[5] ECF Nos. 41 and 142 in Case No. 2:18-cv-00021-JAD-VCF.

[6] *See, e.g.*, ECF Nos. 19, 25, 75, 79, 80, 81, 88, and 95 in Case No. 2:19-cv-00403-JAD-VCF.

Accordingly, IT IS HEREBY ORDERED that **the motion to consolidate [ECF No. 144 in Case No. 2:18-cv-0021-JAD-VCF and ECF No. 21 in Case No. 2:19-cv-0403-JAD-VCF] is DENIED** without prejudice to the ability to re-urge this request in the event that the procedural postures of these cases become far more aligned.

Dated: November 21, 2019

_____
U.S. District Judge Jennifer A. Dorsey