# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MILAGROS MARTINEZ-PARIS and L.R., a minor by and through his Guardian Ad Litem MILAGROS MARTINEZ-PARIS,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, KASEY GLASS, MARK CONNORS, ALLISON POKORNIK and DOES 1-50,<br><br>Defendants. | Case No. 2:19-cv-00403-JAD-VCF<br><br>**ORDER**<br><br>JOINT STIPULATION TO CONTINUE [ECF NO. 102]; MOTION TO COMPEL [ECF NO. 75]; MOTION TO SEAL [ECF NO. 76]; MOTION TO COMPEL [ECF NO. 81]; MOTION TO SEAL [ECF NO. 87]; MOTION TO COMPEL [ECF 88]; MOTION FOR PROTECTIVE ORDER [ECF NO. 95] |

Before the Court is the parties' joint stipulation to continue. (ECF No. 102). The Court grants the stipulation in part. In the stipulation, the parties ask the Court to vacate the December 17, 2019 hearing regarding the plaintiffs' motions to compel (ECF Nos. 75, 81, and 88) and motions to seal in support of their motions to compel (ECF Nos. 76 and 87). (ECF No. 104 at 2). The parties ask that the Court still hear the CCSD defendant's motion for a protective order, which has not been fully briefed. (ECF No. 95). The parties indicate that plaintiffs intend to file a motion for leave to file an amended complaint, and that the parties agree that a hearing on plaintiffs' discovery motions should be vacated, "in the interest of judicial economy and to reduce unnecessary fees and costs[.]" (ECF No. 104 at 2). The parties also ask the Court to vacate the expert and lay discovery cutoff dates. (*Id*. at 3).

Federal Rule of Civil Procedure 1 states that the Rules "should be construed, administered, <u>and employed by the court and the parties</u> to secure the just, speedy, and inexpensive determination of every

action[.]" (emphasis added). The underscored words above illustrate the 2015 amendment to Rule 1. In Chief Justice Roberts's 2015 year-end report, he commented regarding the amendment to Rule 1 that, "[t]he new passage highlights the point that lawyers—though representing adverse parties—have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes." See Chief Justice Roberts, 2015 Year-End Report on the Federal Judiciary at 6, Supreme Court of the United States.

Discovery commenced in this case on May 31, 2019. (ECF No. 34 at 2). On June 24, 2019, the parties indicated in a stipulation that they intended to work together regarding sharing discovery from a related case and to limit discovery, within certain parameters, "to prevent delay and reduce unnecessary costs[.]" (ECF No. 33 at 2). The early promise of cooperation between the parties appears to have fallen aside given the number of discovery disputes the parties have brought before the Court. Because plaintiffs intend to seek leave to amend its complaint, the scope of discovery plaintiffs seek may change. The Court thus denies plaintiffs' motions to compel and related motions to seal without prejudice. (ECF Nos. 75, 76, 81, 87 and 88). The Court directs the Clerk of Court to leave the unredacted documents (ECF No. 77 and 89) sealed until further order of the Court. The parties are directed to work together and meet-and-confer again to narrow the issues prior to plaintiffs' filing new motion(s) to compel. The parties are also directed to meet-and-confer to narrow the issues raised in the defendant's protective order (ECF No. 95), and defendant CCSD is directed to discuss which issues, if any, were resolved through the meet and confer process in its upcoming reply in support of its motion. The hearing set for defendant CCSD's motion for a protective order (ECF No. 95) on December 17, 2019 is vacated and reset to January 15, 2020 at 10:00 am.

The discovery deadlines set in the Court's amended scheduling order (ECF No. 73 at 4) are all vacated, apart from the hearing regarding discovery set for January 15, 2020 at 10:00 am. (*Id.*). At the

January 15, 2020 hearing, the Court will hear representations from the parties consistent with the Court's order setting the hearing. (*Id.* at 5). The Court will also hear arguments regarding any remaining issues regarding defendant CCSD's motion for a protective order and address whether the discovery deadlines can be reset at that time.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the December 17, 2019 hearing (ECF No. 102) is VACATED.

IT IS FURTHER ORDERED that the remaining discovery deadlines outlined in the Court's amended scheduling order (ECF No. 73 at 4) are VACATED until further order of the Court.

IT IS FURTHER ORDERED that the Court will still hold a STATUS HEARING on Wednesday, January 15, 2020, at 10:00 am. consistent with the Court's prior order (ECF No. 73 at 4-5).

IT IS FURTHER ORDERED that the defendant's motion for a protective order (ECF No. 95) is RESET to Wednesday, January 15, 2020 at 10:00 am. The parties are directed to meet and confer to attempt to narrow the issues presented in the motion for a protective order.

IT IS FURTHER ORDERED that plaintiffs' motions to compel (ECF Nos. 75, 81, and 88) and motions to seal in support of their motions to compel (ECF Nos. 76 and 87) are DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court SEAL the unredacted documents (ECF Nos. 77 and 89) until further order of the Court.

IT IS SO ORDERED.

DATED this 4th day of December 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE